UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:03CV 040 (JCH) |
| | : |
| DAVID CUNDY, et al., | : |
| | : |
| Defendants. | : OCTOBER 23, 2003 |

### DEFENDANT DAVID CUNDY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

The undersigned Defendant hereby objects to the plaintiff's Motion for Sanctions filed October 3, 2003. This Motion alleges that defendantss' motion to dismiss were "presented to harass the plaintiff, cause unnecessary delay and needlessly increase in litigation." The plaintiff's motion is altogether baseless and unsubstantiated by statutory or case law. The defendant respectfully requests that this court deny the plaintiff's motion and grant the defendant the relief set forth below. The plaintiff's position that the Defendant's Motion to Dismiss, and a similar one filed by the municipal defendants, were in fact Motions for Summary Judgment is inaccurate. The Defendant's Motion to Dismiss was timely filed and an appropriate response to the plaintiff's pleadings. Federal Rule of Civil Procedure 12(b), provides in relevant part that: [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive

a claim upon which relief can be granted. For these reasons, the defendants submit that there is no basis upon which sanctions should be assigned against them.

Pursuant to Rule 11(c)(1)(A), the defendants also move this court to award them their reasonable attorney's fees for the preparation of opposition to this motion. While the court should show some latitude to a pro-se plaintiff, it should discourage the plaintiff's continued filing of frivolous motions that are unsubstantiated by any fact, statute, case law or legal theory. The instant motion caused the defendant unnecessary costs in preparing and filing a response. For the foregoing reasons, the defendant respectfully requests that this court sanction the plaintiff for the reasonable cost of the defendant's attorney's fees in preparing and filing this opposition.

The defendants respectfully request this Court deny plaintiff's Motion for Sanctions and enter an order granting the defendants the relief requested.

Respectfully,

Howard R. Fields (ct 23640)
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box P.O. Box 110325
Stamford, CT  06911-0325
Telephone: (203) 363-7600
Fax: (203) 363-7676
hfields@wiggin.com

pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F. 3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Board of Education., 69 F. 3d. 669, 673 (2d Cir. 1995)) (internal quotation marks omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F. 2d 12, 15 (2d Cir. 1993). The arguments raised in Cundy's motion to dismiss and accompanying memorandum of law (as well as in the municipal defendants' similar motion to dismiss) are based solely on Plaintiff's own allegations in his Revised Amended Complaint. The motion is clearly appropriate and warranted given Plaintiff's meritless allegations in this, his fourth complaint in this case.

The plaintiff's Motion for Sanctions does not identify any factual information supporting his allegation that the defendants were being deceptive or misleading by filing a Motion to Dismiss in response to the Revised Amended Complaint. Furthermore, the plaintiff fails to cite case law supporting the notion that the defendants' filing of a Motion to Dismiss in response to his Revised Amended Complaint warrants the application of sanctions. As discussed above, the defendants are authorized by the Federal Rules of Civil Procedure to file a Motion to Dismiss when it appears the plaintiff has failed to state

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23 day of October, 2003, as follows:

Stanley Chance
99 Jetland Street
Bridgeport, CT  06605

Thomas M. Murtha
Mark A. Perkins
Maher & Murtha, LLC
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT  06605

David Cundy  **(via certified mail)**
1296 Old Academy Road
Fairfield, CT  06430

_____
Howard R. Fields