FILED

2003 OCT 24  P 12: 19

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE<br>Plaintiff | : |
| v. | : CIVIL ACTION NO. 3:03 CV 040 (JCH) |
| DAVID CUNDY, ET AL<br>Defendants | : OCTOBER 22, 2003 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS

The undersigned municipal defendants hereby object to the plaintiff's Motion for Sanctions dated September 2, 2003. The Motion alleges that: "[p]ursuant to Rule 11(c)(1)[1] of the Federal Rules of Civil Procedure, the plaintiff moves this court for sanctions as their motion to dismiss is being presented to harass the plaintiff, cause unnecessary delay and needless increase in litigation." The plaintiff's motion is frivolous, baseless and unsubstantiated by statutory or case law. The defendants respectfully request that this court deny the challenged motion and grant the defendant relief as set forth below.

---

[1] Rule 11(b) provides in relevant part: By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstance,-(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .

The defendants' Motion to Dismiss was timely filed and an appropriate response to the plaintiff's pleadings. Federal Rule of Civil Procedure 12(b), provides in relevant part that: "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted." "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F. 3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Board of Education., 69 F. 3d. 669, 673 (2d Cir. 1995)) (internal quotation marks omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F. 2d 12, 15 (2d Cir. 1993). The defendants' Motion to Dismiss argued, *inter alia,* that many of the plaintiff's claims were barred by the doctrine of qualified governmental immunity. Beyond this, the defendants' motion argues that the

plaintiff's claims are legally insufficient based upon the existing statutory and common law.

In the instant case, on or about June 12, 2003, this Court dismissed the majority of the counts in the plaintiff's complaint. However, this Court gave the plaintiff fourteen days to file an Amended Complaint. After several requests for extensions of time in which to file an amended complaint, the plaintiff filed an Amended Complaint on July 31, 2003, and a Revised Amended Complaint on August 1, 2003. On or about August 19, 2003, counsel for the undersigned defendants filed a Motion to Dismiss the Revised Amended Complaint, as it applied to the municipal defendants. The defendants' Motion to Dismiss relied upon the allegations of the Complaint, those documents incorporated by reference into the Complaint, and case law. The defendants' motion argues that the Complaint should be dismissed because the plaintiff is not entitled to the relief sought. The motion is appropriate given the procedural posturing of the case and prevailing case law.

The plaintiff offers no facts in support of his allegation that the defendants were being deceptive or misleading by filing a Motion to Dismiss in response to the Revised Amended Complaint. Furthermore, the plaintiff fails to cite any case law in support of his assertion that the defendants' filing of a Motion to Dismiss in response to his Revised

Amended Complaint would be a basis for assigning sanctions. As discussed above, the defendants are authorized by the Federal Rules of Civil Procedure to file a Motion to Dismiss when it appears the plaintiff has failed to state a claim upon which relief can be granted. For these reasons, the defendants argue that there is no basis upon which sanctions should be assigned against them.

Pursuant to Rule 11(c)(1)(A), the defendants move this court to award it reasonable attorney's fees for the preparation of this motion. While the court should show latitude to a pro-se plaintiff, it should discourage the continued filing of motions that are unsubstantiated by statute, case law, or legal theory. The instant motion caused the defendants unnecessary costs in preparing and filing a response. Moreover, the language contained in the plaintiff's motion is unprofessional and threatening to the defendants. This type of pleading would not be permitted to be filed by an attorney, and should not be permitted by a pro se plaintiff. For the foregoing reasons, the defendants respectfully request that this Court sanction the plaintiff for the reasonable cost of the defendants' attorneys' fees in preparing and filing the instant motion.

WHEREFORE, the defendants respectfully request that this Court sustain the instant objection to the plaintiff's Motion for Sanctions, and enter an order granting the defendants the relief requested.

THE DEFENDANTS,
CHIEF JOSEPH SAMBROOK,
LIEUTENANT CHRIS LYDDY,
DETECTIVE PETER BRAVO,
LIEUTENANT PHILIP MASCENDARO,
SARGEANT JULIUS HULL, OFFICER
KEVIN WELLS, AND FAIRFIELD
POLICE DEPARTMENT


BY: _____
MARK A. PERKINS
MAHER & MURTHA, LLC
528 Clinton Avenue - P.O. Box 901
Bridgeport, CT. 06601
Phone No. 203-367-2700
Fax No. 203-335-0589
Federal ID No. CT-05522

## ORDER

The foregoing objection having been heard, it is hereby

SUSTAINED / OVERULED.

Dated at _____, Connecticut, this ____ day of _____, 2003.

BY THE COURT,

_____, J.

## CERTIFICATION

      This is to certify that a copy hereof was sent, first-class mail, postage prepaid, on this day, to all counsel and pro se parties of record:

Stanley Chance, Pro Se
99 Jetland Street
Bridgeport, CT 06605

Howard Fields, Esq.
Wiggin & Dana, LLP
P.O. Box 110325
Stamford, CT 06911-0325

BY: _____
MARK A. PERKINS