UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| v. : | 3-03-CV-40 (JCH) |
| : | |
| DAVID CUNDY, ET AL : | |
|     Defendants. : | DECEMBER 3, 2003 |

<u>NOTICE TO PRO SE LITIGANT</u>

On August 19, 2003, Defendant David Cundy filed a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>Todd v. Exxon Corp.</u>, 275 F.3d 191, 197-98 (2d Cir. 2001). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiffs' favor. <u>See</u> <u>Stephenson v. Dow Chemical Co.</u>, 273 F.3d 249, 256 (2d Cir. 2001). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. <u>See</u> <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Id.</u> (quotation omitted). "[B]ald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996). The court may dismiss claims under a motion to dismiss when it appears

beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief.  See Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

The court hereby gives notice to the pro se plaintiff that he must file an opposition to the motion to dismiss, addressing the various grounds raised by the defendant.  If no opposition is filed by the plaintiff, the defendant's motion may be granted and the action may be dismissed.  See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).  The plaintiff must file a memorandum in opposition no later than December 28, 2003.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of December, 2003.


/s/ Janet C. Hall
Janet C. Hall
United States District Court Judge