UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY CHANCE | : 3:03CV40 (JCH) | 2003 DEC 17 A 11: 53 |
| VS. | : | |
| DAVID CUNDY, ET AL | : OCTOBER 17, 2003 | |

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUNDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The plaintiff, Stanley Chance stands by all representations made in his opposition to the defendant's motion to dismiss and the following is intended to supplement and add to that.

First of all, after going to the Bridgeport Police to file a complaint against David Cundy ("Cundy"), the plaintiff was advised to contact the officer that contacted him, Fairfield Police Officer Kevin Wells ("Wells"), with regard to filing a complaint against Cundy.

On January 18, 2003, the plaintiff, Stanley Chance wrote Wells a letter which stated:

> "Dear Officer Wells,[1]
> I would like to file a complaint and ask for the arrest
> Of David Cundy, 1296 Old Academy Road, Fairfied, CT.
> 06430 for filing a false complaint against me, Racial
> Discrimination (Hate Crimes), Criminal Mischief and
> Any other identifiable crimes for the incident report you
> Wrote on August, 18, 2002 (# 02-25376)

So in addition to knowing that the complaint of Cundy that Chance was at his house, stalking him at his job and left a message on his machine at work was false, which

1

the Fairfield Police admit now, seeing that this letter was in the file when Chance wrote it to Wells and they, Lieutenant Chris Lyddy and Detective Peter Bravo had reasonable information to believe that Cundy's information was false, yet they never investigated or explored the information in the letter, this constitutes a conspiracy.

"A civil conspiracy occurs when the parties have reached "a unity of purpose or common design and understanding, or a meeting of the minds in a unlawful arrangement" <u>Transco, Inc –v- Ajac Transmission Parts Corp.</u>, *768 F.2d 1001, 1020 (1985)*; "A conspiracy must be looked at as a whole and acts which are themselves legal lose that characters when they become constituent elements of an unlawful scheme <u>Id</u> at *1026*.

There is no doubt that there was and continue to be a conspiracy between Cundy and the Fairfield Police, which also makes Candy liable as a state actor under 42 U.S.C., Section 1983.

"In order to act under color of state law, defendants need not be an officer of the state; private parties may incur liability under section 1983 when they participate in joint activities with state or its agents." <u>Spears –v- Town of West Hartford</u>, *771 F.Supp. 521 (D.Conn), affirmed 954 F.2d 63, certiorari denied 113 S.Ct 66, 506 U.S. 819, 121 l.ED. 21 33 (1991)*; Also "Private persons jointly engaged with state officials in challenged actions are "acting under color of state law for the purpose of section 1983 action." <u>Rojas –v- Alexander's Department Store, Inc</u>, *654 F.Supp. 856 (E.D.N.Y. 1980)*.

The deliberate indifference standard applies to 1983 claims basing liability on municipalities' actions in failing to prevent a deprivation of Federal rights. <u>Davis –v-</u>

---

[1] This is a long hand copy to which the plaintiff has already provided a copy to Attorney Mark A, Perkins, who represents the Fairfield Police at the beginning of the case. The file is thick in this case and the plaintiff has other cases and the letter got lost with the other files.

2

*Dekalb County School Dist.*, 233 F.3d 1367, certiorari denied 121 S.Ct. 2217, 532 U.S 1066, 150 L.Ed. 2d 210 (2000)

It is well established that Police Officers "have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in their presence by other officers" *O'Neill -v- Krzeminski*, 839 F.2d 9,11 (2nd Cir. 1988); "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know...[t]hat any constitutional violation has been committed by a law enforcement official" *Anderson -v- Branen*, 17, F.3d 552, 557 (2nd Cir 1999); "a supervisor is liable if he directly participated in the violation, if he exhibited deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring, or if he was grossly negligent in supervising the subordinate who committed such wrongful acts" *Provost -v- City of Newburgh*, 262 F.3d 146,154 (2nd Cir. 2001)[2] Accordingly the plaintiff has stated claims for which relief can be granted against Chief Joseph Sambrook, Lieutenant Philip Mascendaro and Sergeant Julius Hull under 42 U.S.C, Section 1986 For Negligence to Prevent.

Additionally, the plaintiff has stated claims for which relief can be granted under 42 U.S.C., Section 1981.

In retaliation for the plaintiff exercising his right to sue, On January 19, 2003, after he is served with the lawsuit by the U.S.Marshals, David Cundy called the plaintiff and told the plaintiff "You're a dead man nigger", as the court could see from the plaintiff phone bill, the incoming call is from (203) 259-2611, which is David Cundy's

3

home phone number, incidentally David Cundy got the plaintiff cell phone number from the Fairfield Police to make this call, so there was now reason the Police could not have called the Plaintiff on his cell phone instead of calling his job.

Then on or about February 6, 2003, David Cundy calls Chris Lyddy and Detective Peter Bravo, that Chance has been to his house, stalking him at his job and left a message on his answering machine at work, which the Fairfield Police admit was not true.

Even at the hearing at June 12, 2003 with regards to this lawsuit, David Cundy's attorney William Kelleher, III, stated that "I can say for my clients, there not particularly pleased about this"

With regard to special damages for malicious prosecution the plaintiff will call the courts attention to the case of *Chance –v- Curtin Tranportation,, 3:03cv441 (JCH)* in which the plaintiff brought suite against his present employee for reduction in hours and cancellation of his works, well all of this stuff stated happening after Lieutenant Lyddy called the Lyddy called the plaintiff employer, even when people requested the plaintiff, to drive him, the jobs were not giving to him and this was probably done because of that phone call from Lieutenant Lyddy. Curtin Transportation transport kids an elderly and sick people. If the plaintiff is driving a limo for you and you get call from the Police, as a dispatcher you going to be suspicious about giving that driver work, especially sine the passengers are teenage children and sick and affirmed adults, some who are blind.

It should also be noted that the plaintiff told some neighborhood kids when they asked him what kind of candy he was going to have for Halloween that they "weren't getting anything because I don't want anybody to say that I am trying to molest you"

---

[2] The 3 foregoing cases were taken from Jones *–v- City of Hartford, 3:01CV1133 (JCH) (D.Conn. September 03, 2003)* in which the Honorable Janet C. Hall denied Summary Judgment motions in part filed

The plaintiff was getting out of the shower and dying off when a rock came threw his window and hit him in the head.

The kid wrote a letter of apology for breaking the widow trying to say it was an accident, which was nonsense.

The plaintiff window which was broken face the parking lot of the "Kossuth Club", in which "Jetland Place" separate the plaintiff' apartment from the parking lot, the nearest house from the plaintiff is about 20 feet away from the window, to the left, yet this kid is trying to convince the plaintiff that it was a accident, if this kid broke that window by accident, the plaintiff want to be his agent, because he has one hell of a curve ball, in which case he should tryout a pitcher in the major leagues.

So in addition to everything else, because of Cundy the plaintiff is being subjected to harassment and assault from neighberhood children and a bill for a $500.00 widow.

The plaintiff will say this for the record; these kids have a better chance of convincing the plaintiff that their breaking that window was an accident than David Cundy has of convincing him that his actions weren't racially discriminatory.

Also the plaintiff has stated claim for tort relief against the defendant's for intentional infliction of emotional distrees.

The plaintiff had been seeing a therapist and nobody can argue the fact that the plaintiff his shown his emotional distress in his pleadings.

One more thing, counsel has been committing on how the plaintiff would have reacted violently against David Cundy for what he did the plaintiff, but what they have hot said or acknowledge is how, a person would react violently against a person who is

---

by the Hartford Police Department.

targeting their child for molestation, like David Cundy falsely accused the plaintiff of doing.

The plaintiff can speak for parents around the world, whether their white, black, rich poor, if somebody is targeting your child for molestation or abduction and you know it, a reasonable person is not going to go to the police, a reasonable person is going try to kill that person they know is trying to molest their kid.

The plaintiff can even speak for Judges and Police everywhere, if you know that some kid is being targeted for molestation are abduction, the law goes out the window, the robe or badge comes off, the ass kicking boots go on and some brains are going to be splattered on the sidewalk.

Now Cundy's lawyer, William Kelleher, realizes just how stupid his defense of Cundy's action sound, he brings in Attorney Howard Fields, who is black, as window dressing to say "see, David Cundy can't be a racist, his lawyer is black."

"A motion to dismiss filed pursuant to Rule 12 (b) (6) of the Federal rules of Civil Procedure can only be granted if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley –v- Gibson*, *355 U.S.41, 45-46 (1957);* "In considering such a motion, the court accepts the factual allegation alleged in the complaint as true and draws all inference in the plaintiff's favor." *Scheuer –v- Rhodes*, *416 U.S. 232, 236, (1974);* a Rule 12 (b) (6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of the complaint *Bernhien –v- Litt,* *79 F.3d 318, 321 (2nd Cir. 1996)*; "The issues is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim *I.d* (quotation omitted)

6

**CONCLUSION:**

For the foregoing reasons, the defendant's motion to dismiss should be denied.

Also, since they defendants tried the unethical trick of filing a motion for summary judgement, which is what this is and the defendants don't dispute this, disguised as a motion to dismiss, they should be precluded from filing a motion to dismiss and this case should be placed on the trail calendar without further delay

RESPECFULLY SUBMIITED
THE PLAINTIFF

Stanley Chance, PRO SE
99 Jetland Street
Bridgeport, CT. 06605
(203) 685-6038
Stanleychance@yahoo.com

**CERTIFICATION**

I hereby certify that a copy of the forgiong was mailed on October 17, 2003 to

Mark Perkins
Thomas Murtha, Esq.
Mahar & Murtha
528 Clinton Avenue
Bridgeport, CT. 06605

Willaim Kelleher
Howard Fields
Wiggins & Dana
400 Atlantic Street
Stamford, CT. 06904

Stanley Chance, PRO SE:

7