UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

STANLEY CHANCE           : 3:03CV40 (JCH)

VS.                      :

2004 MAR 12  P 3: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

DAVID CINDY, ET AL       : MARCH 12, 2004

## PLAINTIFFS' MOTION TO COMMENCE DISCOVERY

The plaintiff, Stanley Chance in the above captioned case respectfully requests the Court to lift the Stay on discovery in the case and allow the plaintiff to start discovery.

The Court granted defendant David Candy his Motion to Stay discovery in March of last year which was filled by Attorney William Kelleher of the firm of Dana & Wiggins who was representing David Candy at the time on the grounds that the complaint will likely be dismissed and David Cundy should not go through the time and expense of answering discovery

Well since then, David Cundy has switched Attorney in the same firm incredibly after the plaintiff filled his Opposition to his Motion to Dismiss, Attorney Kelleher turned the case over to Attorney Howard Fields, who is Black as window dressing to Make David Cundy look good and it is the plaintiff contention that Although Attorney Fields substituted hid appearance for Attorney Kelleher, the fact was is that Attorney Kelleher was still calling the shots "shadow" representing David Cundy, which we will never know since the Court denied the plaintiff " Motion for Order to Show Cause".

Now David Cundy has gone to another firm and another Attorney Karen Karpie, who has her own legal problems and the plaintiff still contends that William Kellehr is still calling the shots and being paid by David Cundy but in order to counteract the

1

plaintiff catching them with there pants down when they brought Howard Fields, the Black pawn, they are now employing another tacit of employing another Attorney who happens to be White and a Bridgeport Attorney at the to file a appearance on the behalf of David Cundy.

The plaintiff ask the Court, Attorneys Murtha and Perkins, how many time in your years in law have you seen a defendant go through 3 Attorneys while a Motion to Dismiss is pending? When you file a Motion to dismiss you believe that the case will be dismissed, if you believe that the case will be dismissed, you do not go through 3 lawyers. These are not the action of a person who believes that his case will be dismissed; these are the action of a person who is **GUILTY**.

Does the Court think it coincidental, that after the plaintiff filed his opposition to there Motion to Dismiss, stating his narrative of what David Cundy did, how he did it and why he did it, racial discrimination, all of a sudden he gets a Black lawyer, the plaintiff knew that Attorney Fields was Black, the plaintiff has been anticipating and waiting for David Cundy every move, remember this case was not filed overnight, David Cundy went through a number of meticulously planned, deceitful steps in his discrimination of the plaintiff over a number of month, before the plaintiff filed suit and even after the plaintiff filed suit against David Cundy, he discriminated against the plaintiff the plaintiff, after the Marshal serve him with the lawsuit he calls LT. Chris Lyddy and Detective Peter Bravo and blatantly lied to them saying the plaintiff was stalking him at his job, which is in Wilton and he never called the Wilton police, that the plaintiff had been to his house, but he never calls the Fairfield Police when the plaintiff is allegedly at his house and he says that the plaintiff left a message left a message on his machine at

work, which he does not and can not produce and the Fairfield Police never ask when it happens, but they jump through hoops for David Candy on blatant lies, lies which in there memorandum for dismissal, the Fairfield Police admit were not true and if they were doing there jobs, we would not even be her

Borrowing a page out the lawyer's handbook, in the novel, the Hounds of the Baskerville, Sherlock Holmes states "When you eliminate the improbable from the impossible, what remains must be the truth." Do the plaintiff allegations seem incredible now?

It is well establishes in the "ORDER ON PRETRIAL DEADLINES" for the United States District Court for the District of Connecticut paragraph (c) in relevant parts, "The filing of a motion to dismiss shall not result in the stay or extend the time for completing discovery".

Although the plaintiff does not believe it or is accusing the court of it, for the Court to go out of its way to accommodate David Cundy, it gives the appearance of favoritism and impropriety and it is clearly established that "The appearance impropriety sufficiently weakens the respect and confidence in government that is so vital to our system of democracy" _Gaynor-Strafford Industries Inc. –v- Water Pollution Control Authority,_ 192 Conn. 638, 648, 474 A.2d 752, cert. Denied, 469 U.S.932, 105 S.Ct. 328, 83 L.Ed. 2d 265 (1984).

Additionally this is not the only matter in which the Fairfield Police are accused of misconduct. See _Freedman-v-Detective William Young and David Besley,_ 3:03CV1048 (PCD).

Accordingly, the Court should allow the parities to commence with discovery.

3

RESPECTFULLY SUBMITTED
THE PLAINTIFF

_____
Stanley Chance, PRO SE:
99 Jetland Street
Bridgeport, CT. 06605
(203) 685-6038
Stanleychance@yahoo.com

## **CERTIFICATION**

I hereby certify that a copy of the forgoing was put hand delivered into the mailboxes, I did not go into the offices of:

| | |
|---|---|
| Thomas Murtha, Esq.<br>Mark Perkins<br>Mahar & Murtha<br>528 Clinton Avenue<br>Bridgeport, CT. 06605 | Karen Karpie<br>Murpry & Karpie, LLP<br>350 Fairfield Avenue<br>Bridgeport, CT 06604 |

_____
Stanley Chance, PRO SE:

4