**FILED**

2004 MAY 27 A 11: 52

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| STANLEY CHANCE | : | |
|    Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| VS. | : | 3:03CV040 (JCH) |
| | : | |
| DAVID CUNDY, ET AL | : | May 26, 2004 |
|    Defendants | : | |

### SUPPLEMENTAL MEMORANDUM RE: JURISDICTION

During the oral argument on the motion to dismiss of the defendant David Cundy on May 24, 2004, the court requested a supplemental brief on the following issue: Should the court still exercise supplemental jurisdiction over the plaintiff's state law claim of defamation against the defendant Cundy in the event that the plaintiff's federal claims and other claims under state law are dismissed?

The defendant Cundy contends that the court should decline jurisdiction over the defamation claim in this instance. In cases where state claims are brought in federal court through supplemental jurisdiction, and the federal claims are subsequently dismissed before trial, the balance of factors underlying supplemental jurisdiction weigh in favor of dismissing the state claim without prejudice.

Pursuant to 28 U.S.C. 1367 (c)(3), the district court may decline to exercise its supplemental jurisdiction over a state law claim if the district court has dismissed all other claims to which it has original jurisdiction.  When deciding whether to exercise supplemental jurisdiction over a case, the court should consider judicial economy, convenience, comity, and fairness to litigants, <u>Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).  "When the balance of these factors indicates that a case properly belongs in state court, as when federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." <u>Carnegie Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).  Although supplemental jurisdiction is now covered under 13 U.S.C. 1367, rather than common law, the Second Circuit has also adopted this rationale as regards the statute.  See <u>Tops Markets, Inc. v. Quality Markets, Inc.</u>, 142 F.3d 90 (2d. Cir. 1998).

In <u>Savacool v. Delaware County Dept. of Mental Health and Mental Retardation, et al.</u>, 1993 WL 134830, the district court for the Eastern District of Pennsylvania refused to exercise supplemental jurisdiction in a similar case to the case at bar.  The plaintiff in <u>Savacool</u>, acting *pro se*, brought suit against his former doctor on numerous civil rights grounds, including violations of 42 U.S.C. 1983.  The plaintiff in <u>Savacool</u> also alleged numerous state law violations, including defamation.  There was no diversity jurisdiction.

federal jurisdiction was premised solely on the federal claims. After said claims were dismissed, the court declined to exercise jurisdiction on the state claims alone. Although the court recognized that the state claims might state a cause of action, the court held that the state claims did "not provide a sufficient basis for federal jurisdiction." The facts of Savacool are strikingly similar to the facts in the case at bar. The court in the instant case should arrive at the same result and dismiss the plaintiff's defamation claim by not exercising its supplemental jurisdiction.

If the court dismisses the plaintiff's federal claims against the individual defendant Cundy, then the instant case fits squarely into the above line of cases. This court should decline to exercise jurisdiction over any remaining state claims and dismiss the case without prejudice. This would relieve the federal court from having to decide solely state law and would be fair to both parties. Defendant Cundy will be relieved of the burden of defending his case in federal court as part of the case against the Fairfield police and Town of Fairfield where he would have to participate in more prolonged discovery. Additionally, he will not have to endure a more lengthy trial involving the plaintiff's claims against the other defendants. The plaintiff can, if he chooses, still pursue his state law claims against Defendant Cundy. He will simply have to pursue it in the proper venue. The state court discovery and trial would then be limited to the plaintiff's defamation claim.

THE DEFENDANT DAVID CUNDY

BY /s/ Karen L. Karpie
KAREN L. KARPIE ct04269
MURPHY AND KARPIE, LLC
350 FAIRFIELD AVE., SUITE 408
BRIDGEPORT, CT 06604
Tel. 203-333-0177
Fax: 203-333-8475

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent, First Class, U.S. Mail, Postage Prepaid, on May 26, 2004 to all of the following pro se parties and counsel of record:

Stanley Chance, Pro Se
99 Jetland Street
Bridgeport, CT 06605

Thomas Murtha
Mark Perkins
Maher & Murtha
528 Clinton Avenue
Bridgeport, CT 06605

/s/ Karen L. Karpie
KAREN L. KARPIE