FILED

2004 JUL 19 P 3: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STANLEY CHANCE
Plaintiff

v.                                              CASE NO. 3:03CV 40 (JCH)

DAVID CUNDY, ET AL
Defendant                                       JULY 15, 2004

### DEFENDANTS' LOCAL RULE 9(c)(1) STATEMENT

In support of the defendant's Motion for Summary Judgment, he submits this statement of undisputed facts pursuant to Local Rule 9(c)(1):

1. At all times alleged in the complaint, DETECTIVE PETER BRAVO was a detective with the Fairfield Police Department, acting within the scope of his employment with the Town of Fairfield. (Bravo Aff. ¶ 4.);

2. At all time alleged in the complaint, DAVID CUNDY was a resident of the Town of Fairfield. (Bravo Aff. ¶ 5.); and,

3. At no time was the plaintiff, STANLEY CHANCE, placed under arrest by Detective Peter Bravo. (Bravo Aff. ¶ 20.)

THE DEFENDANT,
PETER BRAVO

BY: _____
THOMAS M. MURTHA
MAHER & MURTHA, LLC
528 Clinton Avenue - P.O. Box 901
Bridgeport, CT. 06601
Phone No. 203-367-2700
Fax No. 203-335-0589
Fed. ID # CT22419

## CERTIFICATION

This is to certify that a copy hereof has been sent, first-class mail, postage pre-paid, on this date, to all counsel and pro se parties of record:

Stanley Chance, Pro Se
99 Jetland Street
Bridgeport, CT 06605

Karen L. Karpie, Esq.
Murphy & Karpie, LLC
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604

BY: _____
THOMAS M. MURTHA

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STANLEY CHANCE

v.                                        CASE NO. 3:03CV 40 (JCH)

DAVID CUNDY, ET AL                        July 9, 2004

## AFFIDAVIT

I, Peter Bravo, being duly sworn, deposes and states:

1. I am over eighteen (18) years of age and understand the obligation of an oath;

2. The information contained herein is based upon my personal knowledge.

3. I am employed as a Police Detective with the Fairfield Police Department.

4. I have been employed with the Fairfield Police Department for 19 years.

5. To the best of my knowledge in February of 2003, David Cundy was a resident of Fairfield, Connecticut.

6. On February 4, 2003, David Cundy filed a report with the Fairfield Police Department that on February 3, 2003, he believed Stanley Chance had come to his home in a silver livery type vehicle to deliver a summons and

      complaint. Mr. Cundy expressed concern because he believed Chance was a convicted felon and believed Chance worked for a local livery service.

7. On February 5, 2003, David Cundy filed a report with the Fairfield Police Department that his administrative assistant received a phone call at his place of employment, Design Trust in Wilton, from a man identifying himself as Stanley.

8. A State Police Records Check (SPRC) was run on Stanley Chance revealing he had 15 prior arrests for a variety of crimes including Burglary, Arson First degree and Assault on a Police Officer First degree.

9. Based upon the facts available at the time, I believed reasonable suspicion existed to question Stanley Chance with regard to violating the criminal trespass statute, §53a-107.

10. On February 6, 2003, Lt. Christopher Lyddy contacted Stanley Chance over the telephone and asked him to come to the Fairfield Police Station to speak with an investigator.

11. Stanley Chance came to the Fairfield Police Department at approximately 2:30 p.m.

12. I met with Stanley Chance on February 6, 2003.

13. I questioned Stanley Chance as to any contact he had had with David or Nick Cundy in the past three days.

14. Stanley Chance advised me that he had not been to the Cundy residence on February 3, 2003.

15. While Stanley Chance was at the Fairfield Police Department we viewed the livery vehicle he was driving that day and determined it did not match the vehicle identified by Mr. Cundy.

16. During the interview Stanley Chance advised me that a Marshall delivered a civil summons and complaint to the Cundy residence on his behalf.

17. Based upon the information gathered during Mr. Chance's interview I found no evidence that Mr. Chance had been to the Cundy property on February 3, 2003.

18. Until I interviewed Stanley Chance I did not know that he had not been to the Cundy property.

19. Stanley Chance was not charged with a crime.

20. At no time was Stanley Chance placed under arrest.

21. My interview of Stanley Chance took approximately twenty minutes.

22. When the interview was complete Mr. Chance left the police station.

23. I had no reason to believe David Cundy was fabricating any or all of the allegations he made against Stanley Chance when he contacted the Fairfield Police Department on February 4, 2003 and February 5, 2003.

24. At no time prior to my interviewing Stanley Chance did I have information as to the accuracy of the complaints filed by David Cundy.

25. The purpose behind interviewing Stanley Chance was to ascertain whether or not he had trespassed upon the Cundy property.

_____
Peter Bravo

STATE OF CONNECTICUT    )
                        )   SS:
COUNTY OF FAIRFIELD     )

Subscribed and sworn to before me this __9__ day of __July__, 2004.

_____
Notary Public/
My Commission Expires:

BARRY ROSEN
NOTARY PUBLIC
MY COMMISSION EXPIRES JANUARY 31, 2005

4

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

**STANLEY CHANCE**

V.                                                                  **CASE NO. 3:03CV 40 (JCH)**

**DAVID CUNDY, ET AL**                                              July 9, 2004

### AFFIDAVIT

I, Christopher Lyddy, being duly sworn, deposes and states:

1. I am over eighteen (18) years of age and understand the obligation of an oath;

2. The information contained herein is based upon my personal knowledge.

3. I am employed as a Police Lieutenant with the Fairfield Police Department.

4. I have been employed with the Fairfield Police Department for 22 years.

5. As a Lieutenant with the Fairfield Police Department, sergeants and detectives report to me.

6. Peter Bravo is a detective with the Fairfield Police Department.

7. On August 18, 2002, David Cundy had filed a complaint against Stanley Chance alleging he had made harassing phone calls to the Cundy home.

1

8. On said date Officer Kevin Wells contacted Stanley Chance and asked him not to contact the Cundy residence anymore.

9. On February 4, 2003, David Cundy filed a report with the police that on February 3, 2003, he believed Stanley Chance had come to his home in a silver livery type vehicle to deliver a summons and complaint. Mr. Cundy expressed concern because he believed Chance was a convicted felon and believed Chance worked for a local livery service.

10. Based upon the facts available at the time, I believed reasonable suspicion existed to question Stanley Chance with regard to violating the criminal trespass statute, §53a-107.

11. A State Police Records Check was run on Stanley Chance revealing he had 15 prior arrests for a variety of crimes including Burglary, Arson First degree and Assault on a Police Officer First degree.

12. The SPRC check also revealed Chance was on probation until 2004.

13. On February 4, 2003 I spoke with Chance's probation officer who described Chance as a very violent and angry person who does not relate well to authority.

14. On February 5, 2003, David Cundy filed a report with the police that his administrative assistant received a phone call at his place of employment, Design Trust in Wilton, from a man identifying himself as Stanley.

15. On February 6, 2003, I left a message with Stanley Chance's employer for him to call me at the Fairfield Police Department

16. On February 6, 2003, Stanley Chance called me in response to my message and I requested he come to the police station to meet with an investigator regarding complaints filed by David Cundy.

17. I assigned Detective Peter Bravo to meet with Stanley Chance.

18. I had no reason to believe David Cundy was fabricating any or all of the allegations he made against Stanley Chance when he contacted the Fairfield Police Department on February 4, 2003 and February 5, 2003.

19. At no time prior to Stanley Chance being interviewed did I have information as to the accuracy of the complaints filed by David Cundy.

20. The purpose behind interviewing Stanley Chance was to ascertain whether or not he had trespassed upon the Cundy property after having been warned not to have personal contact with them.

21. The interview of Stanley Chance was done in the usual course of a police investigation.

                                                             _____
                                                             Christopher Lyddy

STATE OF CONNECTICUT     )
                                       )  SS:
COUNTY OF FAIRFIELD       )

Subscribed and sworn to before me this __9__ day of __July__, 2004.

                                                   _____
                                                 Notary Public/
                                                 My Commission Expires:

                                                      **BARRY ROSEN**
                                                      *NOTARY PUBLIC*
                                   MY COMMISSION EXPIRES JANUARY 31, 2005